United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN JAMES JACK,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA SUNDBERG, et al.,<br><br>Defendants. | Case No. 25-cv-00485-JSC<br><br>**DISMISSAL ORDER** |

On January 14, 2025, Plaintiff filed a complaint against Christina Sundberg, Yuhuang Li, and Evergreen Cemetery. (Dkt. No. 1.) That same day, Plaintiff filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) On January 21, 2025, the Court denied without prejudice Plaintiff's IFP application because it lacked sufficient detail. (Dkt. No. 5.) The Court set February 11, 2025 as the deadline for Plaintiff to file another IFP application that provided additional detail and clarified the ambiguities identified in the Court's order. (*Id*.)

Plaintiff did not file another IFP application by the February 11, 2025 deadline. So, on February 18, 2025, the Court denied Plaintiff's request to proceed IFP. (Dkt. No. 6.) The order stated "[i]f Plaintiff does not pay the filing fee by March 5, 2025, the Court will dismiss this case without prejudice." (*Id.*) Plaintiff has not paid the filing fee.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv*., 403 F.3d 683, 689 n.3 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to file another IFP application or pay the filing fee, Plaintiff has delayed adjudication of this action. Non-compliance with the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff failure to respond would result in dismissal of this action. (Dkt. No. 6.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored

dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action without prejudice.

The Clerk is directed to close the action.

**IT IS SO ORDERED.**

Dated: March 12, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3